IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENTON D. UTZ, | : |
| | : |
| Petitioner | : |
| | : CIVIL NO. 1:12-CV-1899 |
| | : |
| v. | : Hon. John E. Jones III |
| | : |
| | : |
| GERALD ROZUM, *et al.*, | : |
| | : |
| Respondents | : |

## **MEMORANDUM**

November 6, 2012

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

On September 24, 2012, Plaintiff Denton D. Utz ("Plaintiff" or "Utz"), an inmate presently confined at the State Correctional Institution Somerset ("SCI Somerset") in Somerset, Pennsylvania, initiated the above action *pro se* by filing a Petition for Writ of Habeas Corpus ("Petition") under the provisions of 28 U.S.C. § 2254. (Doc. 1.) Utz challenges his conviction in the Court of Common Pleas of York County, Pennsylvania, of involuntary deviate sexual intercourse, three counts of corruption of minors, and three counts of indecent assault, for which he was sentenced on February 26, 1997 to 18-36 years imprisonment. (*Id.*) Utz alleges that he has been unable to obtain a copy of a Judgment of Sentence Order, and that he therefore is

falsely imprisoned. (*Id.* at 5-6.) Along with his Petition, Utz filed a Motion to Vacate Sentence. (Doc. 3.)

Upon preliminary review of the Petition, *see* R. Governing § 2254 Cases R. 4, it appeared that it may be barred by the statute of limitations, *see United States v. Bendolph*, 409 F.3d 155, 169 (3d Cir. 2005) (en banc) (holding that district courts may *sua sponte* raise the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provided that the petitioner is provided with notice and an opportunity to respond). Therefore, by Order dated September 28, 2012, we directed service of the Petition, and accompanying Motion to Vacate Sentence, on Respondents, and directed the filing of an answer solely addressing the timeliness of the Petition within twenty-one (21) days. (Doc. 5.)

On October 17, 2012, an Answer was filed on behalf of Respondent Rozum by Assistant Counsel for the Pennsylvania Department of Corrections ("DOC") raising the statute of limitations as an affirmative defense, and specifically, that where Utz was sentenced on February 26, 1997, and filed the instant Petition on September 24, 2012, the Petition should be dismissed as time-barred. (Doc. 8 at 4 ¶ 1.) The Answer also raises failure to exhaust available state court remedies as an affirmative defense. (*Id.* ¶ 2.) The Answer was accompanied by a Memorandum of Law (Doc. 9) and Appendix (Doc. 10) consisting of copies of the state court docket sheets. On October

2

18, 2012, a Motion to Dismiss the Petition as Untimely was filed on behalf of Respondent the Commonwealth of Pennsylvania by the Office of the District Attorney of York County, Pennsylvania.  (Doc. 11.)

Subsequently, Utz filed two additional Motions.  On October 24, 2012, he filed a Motion requesting that the Court order the District Attorney to provide him with a certified copy of his sentencing order.  (Doc. 12.)  On October 31, 2012, Utz filed a Motion requesting that this Court dismiss the instant Petition without prejudice to allow him to exhaust state court remedies and re-file his Petition at a later date.  (Doc. 13.)

In preparing to dispose of the pending Motions, the Court engaged in electronic research which revealed that, in 2001, Wilkins filed a petition for writ of habeas corpus under the provisions of 28 U.S.C. § 2254 in the United States District Court for the Western District of Pennsylvania challenging the same 1997 York County conviction that he seeks to challenge in the instant Petition.  (*See Utz v. Sobina*, Civil No. 3:01-CV-00389 (W.D. Pa.).)[1]  In a Report and Recommendation dated April 12, 2006, United States Magistrate Judge Keith A. Pesto recommended the denial of the petition as well as the denial of a certificate of appealability.  (*Id.*, Doc. 14.)  No

---

[1] *See* United States District Court for the Western District of Pennsylvania, Civil Docket, available at http://www.pacer.gov

objections to the Report and Recommendation were filed, and therefore, by Order dated May 22, 2006, United States District Judge Kim R. Gibson denied Utz's petition, denied a certificate of appealability, and adopted the Report and Recommendation as the opinion of the Court. (*Id.*, Doc. 17.)

Based on the foregoing, the instant Petition is untimely, and it appears that there is no basis for either statutory or equitable tolling, and thus, the granting of the Motion to Dismiss filed on behalf of Respondent the Commonwealth of Pennsylvania would be appropriate. However, as a threshold matter, we have determined that the instant Petition is a successive petition, and that Utz has not obtained the required permission to file a successive petition, and therefore, we lack jurisdiction to entertain it. Accordingly, we must dismiss the Petition under the provisions of 28 U.S.C. § 2244 and deny all pending Motions as moot.

**DISCUSSION**

The pertinent authority for dismissing successive habeas corpus petitions is found in Rule 9[2] of the Rules Governing Section 2254 Cases in the United States

---

[2]Rule 9 of the Habeas Corpus Rules provides:

> Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4).

District Courts, 28 U.S.C. foll. § 2254 (1977), and 28 U.S.C. § 2244(a)[3], a provision of AEDPA.  In pertinent part, AEDPA mandates that, before filing a second or successive habeas corpus petition, a petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition.  28 U.S.C. § 2244(b)(3).  Once a petitioner moves for authorization to file a second or successive petition, a three-judge panel of the court of appeals must decide within thirty (30) days whether there is a prima facie showing that the application satisfies § 2244's substantive requirements.  *See* 28 U.S.C. § 2244(b)(3)(C), (D).  AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas petitions that are second or successive filings.  *Burton v. Stewart*, 549 U.S. 147 (2007).

A search of the docket for the United States Court of Appeals for the Third Circuit reveals that no cases ever have been filed in that Court by Utz.  Therefore, it is apparent that Utz has not taken the required step of filing an application with the Third Circuit seeking permission to file a second or successive petition challenging his 1997 York County conviction before filing the instant Petition.  Thus, we lack jurisdiction

---

[3]28 U.S.C. 2244(a) provides that "[n]o circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255."

5

to entertain it, and we must dismiss the Petition under the provisions of 28 U.S.C. § 2244. Accordingly, all pending Motions will be denied as moot. An appropriate Order will enter on today's date.